UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| US INVENTOR INC., TINNUS ENTERPRISES, LLC, 10TALES, INC., STRAGENT, LLC, 360 HEROS, INC., RAMZI MAALOUF, LARRY GOLDEN, WORLD SOURCE ENTERPRISES, LLC and E-WATCH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DREW HIRSHFELD, in his official capacity Performing the functions and duties of the Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office,<br><br>Defendant. | Civil Action No. 2:21-cv-00047 |

**NOTICE OF APPEAL**

Notice is hereby given, pursuant to Fed. R. App. P. 3 and 4, that Plaintiffs US Inventor Inc., Tinnus Enterprises, LLC, 360 Heros, Inc., Ramzi Maalouf, Larry Golden, World Source Enterprises, LLC and E-Watch, Inc., in the above named case, hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Final Judgment entered in this action on July 13, 2021 (Dkt. 29), and from all other decisions and orders supporting the final judgment and the memorandum opinion in support thereof.

The following discussion is not normally part of a notice of appeal. However, Appellants hope, by providing explanation here, to forestall argument from the Appellee challenging

appellate jurisdiction at the United States Court of Appeals for the Fifth Circuit. Without waiver of any opportunity to address any such challenge in the future, Appellants state as follows.

Though the person "performing the functions and duties" of the United States Patent and Trademark Office ("USPTO") Director is the Defendant, this case arose under the Administrative Procedure Act (5 U.S.C. § 701 *et seq.*, "APA") and general federal question jurisdiction (28 U.S.C. § 1331). It was not, and was not pleaded as, "arising under" any Act of Congress relating to patents (e.g., Title 35 of the U.S. Code). (Dkt. 6 ¶ 6). The well-pleaded allegations against the Defendant concern (1) failure to conduct APA notice and comment rulemaking even though Congress used the term "shall" to command such rulemaking, and (2) actions taken to sidestep lawful rulemaking by using an ad hoc "Standard Operating Procedure" document (instead of rulemaking) to "bind" USPTO employees over how they adjudicate certain matters. Such allegations are patent-law agnostic, and are of a type commonly adjudicated in the regional courts of appeals in cases brought against a variety of federal agencies.

Final relief requested in this case (compelled agency rulemaking and/or declaring improper rulemaking unlawful) will not directly require USPTO action or inaction within a specific patent application or proceeding, and will not directly affect the validity of any particular patent. Patent law is therefore not a necessary element of any of its well-pleaded claims. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988) (Federal Circuit appellate jurisdiction over non-patent-law cause of action only when "plaintiff's right to relief necessarily depends on a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims"); *Xitronix Corp. v. KLA-Tencor Corp.*, 882 F.3d 1075, 1077 (Fed. Cir. 2018) (no Federal Circuit jurisdiction in antitrust case where "there is nothing unique to patent law about allegations of false statements"). This is not a case in which

an APA claim against the USPTO might raise a substantial question of patent law, and thus lodge appellate jurisdiction with the Court of Appeals for the Federal Circuit. "Patent claims will not be invalidated or revived based on the result of this case." *Id.* at 1078.

Therefore, Appellants properly bring this Notice of Appeal to the Fifth Circuit.

Dated August 10, 2021                           Respectfully submitted,

*/s/ Michael C. Smith*

Michael C. Smith
Michael.Smith@solidcounsel.com
SCHEEF & STONE, LLP
113 East Austin Street
Marshall, Texas 75670
Telephone: 903-938.8900

Robert P. Greenspoon
Flachsbart & Greenspoon, LLC
333 N. Michigan Ave., Suite 2700
Chicago, IL 60601
Office: (312) 551-9500
rpg@fg-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 10, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

Michael C. Smith